UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY TUCKER,

    Petitioner,                        Civil No. 2:21-CV-11494
                                        HONORABLE ARTHUR J. TARNOW
v.                                   UNITED STATES DISTRICT JUDGE

RANDEE REWERTS,

    Respondent,
_____/

**<u>OPINION AND ORDER GRANTING PETITIONER'S MOTION TO DELETE UNEXHAUSTED CLAIM FROM THE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 8), DENYING THE MOTION TO DISMISS (ECF No. 9), AND DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER AND ANY SUPPLEMENTAL RULE 5 MATERIALS</u>**

Gregory Tucker, ("Petitioner"), confined at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for breaking and entering with intent to commit larceny, M.C.L.A. 750.110. Respondent has filed a motion to dismiss the petition, claiming that petitioner has failed to exhaust all of his claims in the state courts. Respondent has not addressed the merits of petitioner's claims in its answer. Petitioner has sent a letter to this Court, which is construed as a motion to delete his unexhausted claim.

For the reasons stated below, petitioner's motion to delete the unexhausted claim from his petition for writ of habeas corpus is **GRANTED**. The Court further

1

**ORDERS** the Respondent to file a supplemental answer addressing the merits of the exhausted claims and any Rule 5 materials that have not yet been filed with the Court within thirty days of the Court's order.

## I. DISCUSSION

Petitioner filed an application for writ of habeas corpus on the following grounds:

> I. Petitioner was convicted without sufficient evidence to prove beyond a reasonable doubt.
>
> II. Petitioner's right to Due Process was violated when the trial court empaneled an anonymous jury without justification.
>
> III. Petitioner was sentenced [to a] disproportionately upward sentence without reason.
>
> IV. The State committed a *Brady* violation by not providing video or audio for appellate review.

Respondent moved for the Court to dismiss the petition for writ of habeas corpus on the ground that petitioner had failed to exhaust his fourth claim. Petitioner has moved for this Court to delete this unexhausted claim to permit him to proceed with his exhausted claims.

A district court must allow a habeas petitioner to delete the unexhausted claims from his or her petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Rhines v. Weber,* 544 U.S. 269, 278 (2005); *See also Banks*

2

*v. Jackson,* 149 F. App'x. 414, 421 (6th Cir. 2005). Accordingly, in *lieu* of dismissing the petition, the Court will permit petitioner to delete his fourth claim from the petition.

The Court will further order respondent to file a supplemental answer which addresses the merits of petitioner's exhausted claims within sixty days of this order. A habeas petitioner challenging the legality of his or her state custody is entitled to a reasonably prompt disposition of his or her habeas petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). Respondent in this case simply filed an answer which called for dismissal of the petition in exhaustion grounds without addressing the merits of petitioner's claims. An answer to a habeas petition is not like an answer to a civil complaint. It should respond to the allegations of the habeas petition. *Id.* at 608-09; *See also Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996). Therefore, unless a federal court grants a respondent leave to file a motion for summary judgment or a motion to dismiss, an answer to a habeas petition should respond in an appropriate manner to the factual allegations contained in the petition and should set forth legal arguments in support of respondent's position, both the reasons why the petition should be dismissed and the reasons why the petition should be denied on the merits. *Ukawabutu,* 997 F. Supp. at 609. The practice of filing "piecemeal" motions is inconsistent with the Rules Governing Section 2254 Cases in the United States District Courts, with 28 U.S.C. § 2254(b)(2), which gives district

courts the discretion to consider and deny unexhausted claims on their merits, and with fundamental principles of efficient case management. *Id.* at 607.

The Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to Petitioner's habeas petition. *Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001). 28 U.S.C. § 2243. In light of the amount of time that has passed in this case, the Court orders respondent to file its supplemental answer to the petition for writ of habeas corpus within sixty days of this order. The Court also orders Respondent to provide any the Rule 5 materials which it has not already provided at the time it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. See *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Petitioner has forty five days from the receipt of the answer to file a reply brief, if he so chooses. *See* Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

## **ORDER**

**IT IS HEREBY ORDERED** that:

4

(1) the motion to delete unexhausted claim in writ of habeas corpus petition (ECF No. 8) is **GRANTED.**

(2) the motion to dismiss (ECF No. 9) is **DENIED.**

(3) Respondent shall submit an answer addressing the merits of Petitioner's habeas claims within **SIXTY (60) DAYS** of the date of this order. Respondent is further ordered to any additional Rule 5 materials that have not already been filed with the Court at the time that it files its answer.

(4) Petitioner shall have forty five (45) days from the receipt of the answer to file a reply brief.

                                          _s/Arthur J. Tarnow_
                                          **HON. ARTHUR J. TARNOW**
                                          **UNITED STATES DISTRICT JUDGE**

**DATED:** September 14, 2021