# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Kelly L. Stephens<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: June 17, 2025

Mr. Benton C. Martin
Mr. Matthew Monahan
Federal Community Defender Office
for the Eastern District of Michigan
613 Abbott Street, Suite 500
Detroit, MI 48226

Mr. John S. Pallas
Mr. Jared D. Schultz
Office of the Attorney General of Michigan
P.O. Box 30217
4th Floor
Lansing, MI 48909

> Re: Case No. 24-1723, *Gregory Tucker v. Noah Nagy*
> Originating Case No. : 2:21-cv-11494

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Ms. Kinikia D. Essix

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0306n.06

Case No. 24-1723

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 17, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| GREGORY TUCKER, | ) |
| Petitioner-Appellee, | ) |
| v. | ) ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| NOAH NAGY, Warden, | ) |
| Respondent-Appellant. | ) OPINION |

Before: SUTTON, Chief Judge; BATCHELDER and RITZ, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** The state of Michigan prosecuted and convicted Gregory Tucker for breaking and entering with intent to commit larceny. The Michigan Court of Appeals affirmed his conviction. Tucker then petitioned for a writ of habeas corpus. The district court granted his petition, concluding that the Michigan Court of Appeals unreasonably applied clearly established Supreme Court precedent. We REVERSE and REMAND because the Michigan Court of Appeals' application of *Jackson v. Virginia* was not unreasonable.

**I.**

On September 30, 2016, someone burglarized Talya Ashford's makeup studio. When Ashford arrived at work the following day, she found an empty Coke bottle and a cigarette lighter that had not been there the night before when she closed the shop. Ashford called the police, and they investigated the theft, taking the Coke bottle for forensic testing.

No. 24-1723, *Tucker v. Nagy*

The Michigan Police Forensics lab tested the Coke bottle for DNA and found that the bottle contained the DNA of two people—a "major donor" and a "minor donor." The DNA of the "minor donor" was insufficient for comparison and association purposes. The DNA of the "major donor," on the other hand, matched that of Gregory Tucker.

The State charged Tucker under Michigan law with breaking and entering with intent to commit larceny. At trial, Ashford testified that the Coke bottle was not at the studio before the break-in, that Tucker had not been a patron of the studio, and that she had no clients at the studio at all on the day before the break-in. The jury also heard testimony that Tucker's DNA matched the major donor profile found on the bottle. Apparently believing Ashford's testimony and drawing a reasonable inference from the DNA results, the jury convicted Tucker of the charge. The state court sentenced him to nine to fifteen years' imprisonment.

Tucker appealed to the Michigan Court of Appeals. He argued that there was insufficient evidence to support his conviction. *People v. Tucker*, No. 343351, 2019 WL 4126755, at *2, *5 (Mich. Ct. App. Aug. 29, 2019). He emphasized that the evidence supported other equally plausible theories of the crime and that the evidence of his DNA on the Coke bottle did not prove that he committed the burglary. *Id.* at *2.

The Michigan Court of Appeals rejected this challenge. Applying *Jackson v. Virginia*, 443 U.S. 307 (1979), it concluded that it was rational for the jury to find that Tucker committed the crime based on the DNA evidence. *Tucker*, 2019 WL 4126755, at *2. The Michigan Supreme Court denied Tucker's request to hear his appeal. *People v. Tucker*, 940 N.W.2d 94 (Mich. 2020).

Having exhausted his state remedies, Tucker filed a habeas petition in the Eastern District of Michigan under 28 U.S.C. § 2254, raising the same sufficiency-of-the-evidence claim. The district court granted the petition, finding that the evidence did not sufficiently establish Tucker as the

2

No. 24-1723, *Tucker v. Nagy*

perpetrator.  Although the district court agreed that the Michigan Court of Appeals reasonably applied *Jackson* in concluding that the evidence was sufficient to prove "that the bottle was left in the salon by the burglar," it held that in concluding that the evidence was sufficient to prove that it was Tucker who left the bottle at the scene the Michigan Court of Appeals unreasonably applied *Jackson*.  The district court cited four out-of-circuit cases for the proposition that because the Coke bottle was an "easily movable object," it was unreasonable to infer that Tucker's DNA on the bottle meant that he committed the crime.  The district court noted that, while the State need not rebut every innocent explanation, the record supported alternative ways the Coke bottle might have ended up on the premises, and consequently, no reasonable juror could conclude—based on the evidence—that Tucker committed the burglary.  *See Jackson*, 443 U.S. at 319.  Michigan now appeals.

## II.

In a habeas appeal, we review the district court's legal conclusions de novo, and set aside its findings of fact only if they are clearly erroneous.  *Clardy v. Pounds*, 126 F.4th 1201, 1209 (6th Cir. 2025).  And we review state-court determinations on habeas under the Antiterrorism and Effective Death Penalty Act (AEDPA).  28 U.S.C. § 2254.  To prevail under AEDPA, Tucker must show that the Michigan Court of Appeals' decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court."  *Id.* § 2254(d)(1).  Or Tucker must show that the Michigan Court of Appeals made an "unreasonable" determination of the facts.  *Id.* § 2254(d)(2).

Tucker tries to prove the first prong through a "sufficiency of the evidence" challenge, "so he faces an uphill battle."  *James v. Corrigan*, 85 F.4th 392, 395 (6th Cir. 2023).  Evidence is insufficient when, "viewing the evidence in the light most favorable to the prosecution," no

3

"rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.  This standard is a "nearly insurmountable hurdle," *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011) (quotation omitted), because "*Jackson* leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors draw reasonable inferences from basic facts to ultimate facts," *Coleman v. Johnson*, 566 U.S. 650, 655 (2012) (quotation omitted).

Tucker's sufficiency challenge rests on the issue of identity.  Thus, the question is whether the jury had enough evidence to conclude that Tucker was the person who burglarized Ashford's salon.  The jury heard testimony that the salon had been broken into, and that Ashford found an empty Coke bottle and a cigarette lighter at the scene that had not been there when she closed the shop the day before.  Ashford then testified that she had no appointments the day before the break-in, and that Tucker had never patronized her business.  The jury was entitled to believe Ashford's testimony and to infer from it that the Coke bottle was left in the store during the burglary and, therefore, brought by the perpetrator.

Further, the jury heard testimony that the DNA evidence on the Coke bottle was a match to Tucker's DNA.  And the jury was entitled to draw the inference that Tucker was the last person to drink from the Coke bottle.  Based on this evidence, the jury drew a reasonable inference and concluded that Tucker committed the burglary.

This conclusion does not "fall below the threshold of bare rationality." *Id.* at 656.  Indeed, the Michigan Court of Appeals concluded that it did not, and in turn, that determination "is entitled to considerable deference under AEDPA." *Id.*  While the jury relied solely on circumstantial evidence in reaching this conclusion, this is permissible because "circumstantial evidence is entitled to equal weight as direct evidence." *Cooper v. Chapman*, 970 F.3d 720, 732 (6th Cir.

4

No. 24-1723, *Tucker v. Nagy*

2020) (citing *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003)). Therefore, the state court did not unreasonably apply *Jackson* and Tucker is not entitled to habeas relief. The district court improperly granted his petition.

Perhaps more importantly, the district court erred in granting Tucker's petition because the court relied on out-of-circuit precedent in finding that the Michigan Court of Appeals "unreasonabl[y] appli[ed] . . . clearly established Federal law." 28 U.S.C. § 2254(d)(1). A "legal principle is clearly established within the meaning of this provision *only* when it is embodied" in a Supreme Court holding. *Thaler v. Haynes*, 559 U.S. 43, 47 (2010) (quotation omitted) (emphasis added). "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.'" *Glebe v. Frost*, 574 U.S. 21, 24 (2014) (per curiam) (quoting 28 U.S.C. § 2254(d)(1)). Nor may a court "canvass circuit decisions to determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to [the Supreme] Court, be accepted as correct." *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013).

Only by relying on other circuits' precedent was the district court able to say that, because the Coke bottle was an "easily movable object," the Michigan Court of Appeals unreasonably applied *Jackson* in allowing the inference that Tucker must have been the burglar because the DNA on the Coke bottle matched his DNA. *Tucker v. Rewerts*, 743 F. Supp. 3d 924, 930–32 (E.D. Mich. 2024) (citing *Travillion v. Superintendent Rockview SCI*, 982 F.3d 896 (3d Cir. 2020); *United States v. Strayhorn*, 743 F.3d 917 (4th Cir. 2014); *United States v. Bonner*, 648 F.3d 209 (4th Cir. 2011); *Mikes v. Borg*, 947 F.2d 353 (9th Cir. 1991)).

Even if it was more likely that someone else (the true perpetrator) brought Tucker's used Coke bottle to the crime, this "easily movable object" rule is not "clearly established Federal law," 28 U.S.C. § 2254(d)(1), as it has never been adopted by the Supreme Court. It is simply an application

5

No. 24-1723, *Tucker v. Nagy*

of *Jackson* that four out-of-circuit cases have relied on. In fact, our court has held that DNA found on an "easily movable object" in some circumstances was sufficient along with other circumstantial evidence to sustain a robbery conviction. *United States v. Sherer*, 770 F.3d 407, 412 (6th Cir. 2014) (stating on direct review that the defendant's DNA evidence found on a pair of gloves, a t-shirt, and a knit cap found near the crime in combination with other circumstantial evidence was enough to sustain a conviction). Because the Supreme Court has not pronounced an "easily movable object" rule, it cannot be a "clearly established Federal law" warranting habeas relief. 28 U.S.C. § 2254(d)(1).

Admittedly, this DNA on the Coke bottle was slim evidence connecting Tucker to the crime, but on habeas review we do not undertake our own "fine-grained factual parsing," and instead give proper deference to the determinations of the jury and the Michigan Court of Appeals. *Coleman*, 566 U.S. at 655.

## III.

For the reasons set forth above, we reverse the judgment of the district court and remand the case with instructions to deny Tucker's petition for a writ of habeas corpus.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 24-1723

GREGORY TUCKER,

    Petitioner - Appellee,

    v.

NOAH NAGY, Warden,

    Respondent - Appellant.

**FILED**
June 17, 2025
KELLY L. STEPHENS, Clerk

Before: SUTTON, Chief Judge; BATCHELDER and RITZ, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is REVERSED, and the case is REMANDED with instructions to deny Gregory Tucker's petition for a writ of habeas corpus.

**ENTERED BY ORDER OF THE COURT**

Kelly L. Stephens, Clerk